[Civ. No. 26597. First Dist., Div. Two. Sept. 22, 1971.]

BANK OF AMERICA, as Executor, etc., Plaintiff and Appellant, v.
JOSEPH LA MALFA, Defendant and Respondent;
WILLIAM STOCKLEY, Intervener and Appellant;
MICHAEL HERZOG, an Incompetent Person, etc.,
Intervener and Respondent.

EDMUND CWERTNIAK et al., Plaintiffs and Appellants, v.
JOSEPH LA MALFA et al., Defendants and Appellants.

(Consolidated Cases.)

**COUNSEL**

Harold A. Irish for Plaintiffs and Appellants.

Busch & Orchard, Merle P. Orchard, Rawles, Nelson, Golden & Hinkle and John Golden for Defendant and Respondent, for Defendants and Appellants and for Intervener and Appellant.

No appearance for Intervener and Respondent.

**OPINION**

**KANE, J.**—Frank Wert (Wert) died testate on June 15, 1955. Pursuant to the terms of his will, the executor of which was the Bank of America (Bank), the final decree of distribution filed November 12, 1957, provided for distribution of all of the estate and all unknown, undiscovered, or unmentioned property in equal shares to his brother Michael and to the State of California (State) in trust for his sister Cecelia, whose whereabouts were unknown. The distribution of Cecelia's interest to State was pursuant to Probate Code sections 1027-1028.

Ernest J. Hill (Hill) later learned that Cecelia, a nonresident alien, had died intestate on December 31, 1955. As attorney in fact for her heirs, Hill filed a petition on February 20, 1961 in San Francisco Superior Court to recover the property distributed to State. The petition was granted without opposition.

On June 15, 1964, $44,750 in currency together with assorted watches and rings were discovered in the presence of Joseph La Malfa (La Malfa) and William H. Stockley (Stockley) on real property formerly owned by Wert.

The legal procedures utilized by the various interested parties may be summarized as follows: La Malfa filed an affidavit in the local justice court describing the property and the location of discovery. Bank, as Wert's executor, filed a complaint against La Malfa seeking to recover the property as belonging to Wert's estate. Stockley filed a complaint in intervention against Bank and La Malfa, claiming to be a co-finder of the property. Michael's guardian then filed a complaint in intervention against Bank, La Malfa and Stockley, seeking recovery of one-half of the property as Wert's heir. Finally, Hill, as attorney in fact for Cecelia's heirs, and the heirs themselves, filed a complaint in a separate action against La Malfa and Stockley, seeking recovery of one-half of the property.

Nonjury trial of the consolidated[1] actions resulted in a judgment denying recovery of any property by Bank, Stockley, Hill or Cecelia's heirs, and granting recovery of equal portions of the property by Michael's guardian and La Malfa, who also recovered $7,458 from Michael's guardian for services and expenses in preserving his interest. We must consider two appeals—one by Bank and Hill jointly, and one by Stockley.

### The Bank-Hill Appeal

The trial court found that the currency and jewelry constituted lost property of Wert and that the owners were Michael and State pursuant to the decree of final distribution. Although a timely claim was filed on behalf of Michael for one-half in the manner provided by Civil Code sections 1864 et seq. and 2080 et seq., the court found that such had not been filed by Hill, as attorney in fact for Cecelia's heirs, nor did the heirs themselves under either Code of Civil Procedure sections 1300-1615 or Probate Code sections 1026-1027.

■ Hill contends that the 1961 petition filed on behalf of Cecelia's nonresident alien heirs constitutes compliance with Probate Code section 1026.[2]

This contention is meritorious and requires a reversal of that portion of the judgment denying recovery to Hill. Bank concedes in its brief that this result renders its appeal moot.

Although the unusual factual situation has given rise to ostensibly complicated issues, the controlling one is simply whether or not the heirs of Cecelia "appeared and demanded" the property in compliance with Probate Code section 1026.[3]

The California Supreme Court has recently confirmed the rule that "There is no prescribed procedure for 'appearing and demanding'" (*Estate of Horman* (1971) 5 Cal.3d 62, 72 [95 Cal.Rptr. 433, 485 P.2d 785]). The record here reveals that for some considerable time prior to actually filing a "Petition By Heirs to Recover Property," Hill, as attorney in fact

---

[1]Both actions and all complaints were eventually consolidated, including the subsequent complaint in intervention filed by the County of Mendocino seeking recovery of taxes on the found property. The disposition of the county's suit is not raised as an issue on appeal.

[2]Michael was also an heir of Cecelia; but since he was not a nonresident alien, his rights are governed by Probate Code section 1027; and he did present a claim.

Furthermore, Michael was specifically named in the 1961 petition filed by Hill and received his share of Cecelia's estate by the judgment which ensued. This clearly amounts to "appearing and demanding" as required by Probate Code sections 1026-1027. (*Estate of Horman* (1971) 5 Cal.3d 62, 72 [95 Cal.Rptr. 433, 485 P.2d 785].) Additionally that judgment which became final long before the present cases arose, conclusively determined the authority of Hill to act on behalf of Cecelia's heirs, including Michael. It follows that the trial court's contrary finding (Finding of Fact XVI) is not supported by the record.

[3]Probate Code section 1026: "A nonresident alien who becomes entitled to prop-

for Cecelia's heirs, had substantial contact with the Attorney General's office. It is significant to note that the State entered no opposition to Hill's petition which was obviously filed more than five years after the "time of succession" which as used in Probate Code section 1026 means "date of death." (*Estate of Horman, supra,* at p. 68.) The only reasonable inference to be drawn therefrom is that the State, which is the only party upon whom any rights are conferred by the escheat statute (Prob. Code, § 1026; *Estate of Ronkendorf* (1958) 160 Cal.App.2d 145 [324 P.2d 941]), recognized Hill's contact as sufficient "appearance and demand."

It is manifestly clear that the precise property in question could not have been described in either the petition or the ensuing judgment since its existence was not discovered until almost three years later. However, the petition incorporated by reference the decree of distribution which by its terms distributed described assets "as well as all other property not now known or discovered. . . ."

Thus, one-half of any residual property was distributed to the State in trust for Cecelia (or her heirs). La Malfa's contention that since the judgment in the San Francisco escheat action was specific, i.e., did not refer to after-discovered property, it cannot extend to such property is unsound. The judgment did, in fact, include a finding that all of the allegations of the petition were true. It is implicit in the claim as contained in the petition that Hill, on behalf of Cecelia's heirs, was claiming one-half of Wert's estate. To uphold La Malfa's contention would be to require clairvoyance on the part of Probate Code section 1026 claimants with respect to after-discovered property. Clearly, such a requirement was never contemplated by the Legislature.

### The Stockley Appeal

The trial court found that Stockley was not a co-finder of the property and that no agreement was made between Stockley and La Malfa concerning ownership of any interest therein.

The evidence on these issues, while sharply in conflict, is clearly sufficient to sustain the trial court's determination. This conclusion terminates any further appellate consideration of Stockley's appeal.

The judgment in favor of La Malfa and against Hill (action No. 26597) is reversed with directions that upon presentation of proof of the appropriate heirs judgment be entered entitling said heirs to one-half of the property in question, plus accrued interest, less the sum of $1,491.84 to be paid to the County of Mendocino and less whatever additional sum may be determined by the trial court to be due La Malfa for saving and

---

erty by succession must appear and demand the property within five years from the time of succession; otherwise, his rights are barred and the property shall be disposed of as escheated property."

caring for the property.[4] The judgment in favor of La Malfa and against Stockley (action No. 26354) is affirmed. The appeal by Bank, having become moot, is dismissed. Each party is to bear his own costs.

Shoemaker, P. J., and Taylor, J., concurred.

A petition for a rehearing was denied October 22, 1971, and the opinion was modified to read as printed above.

---

[4]Hill/Bank contend that no additional amount should be awarded to La Malfa, who responds that the matter should be determined by the trial court. Clearly a portion of· the amount awarded against Michael's guardian covered expenses and services performed with respect to the heirs' portion of the property, but the judgment granting said award has not been appealed on behalf of Michael.